*R. T. St. John*, for the appellants.

--------

### BLAKE *v.* HOLLEY.

APPEAL from the *Clinton* Court of Common Pleas.

PERKINS, J.—Suit by *Holley* against *Blake*, upon a promissory note.

The note was given to the *Crawfordsville, Frankfort, Kokomo, and Fort Wayne Railroad Company*, and is alleged in the complaint to have been assigned by the company to the plaintiff, by delivery.

The complaint was demurred to because it did not set out and show the organization of the company. But this was unnecessary, as the execution of the note to the company admitted the fact. See *Jones* v. *The Cincinnati Type Foundry Company*, at this term (1).

Another ground of demurrer was that a legal assignment was not shown of the note. A corporation may authorize its proper officer to assign a note by delivery. Perhaps it would be within the general power of the officers of a railroad company to assign, in such manner as they deemed expedient, the choses in action of the company. The assignment, therefore, nothing appearing to the contrary, would be presumed valid. See *Hamilton* v. *The Newcastle, &c., Railroad Co.*, 9 Ind. R. 359.

There were answers by way of confession and avoidance of the consideration of the note, the existence of the corporation, &c.; but on the trial no proof was offered to sustain them, and the note made out a *prima facie* case for the plaintiff.

Counsel seem to argue the appellant's cause upon the ground that the second paragraph of the answer, setting up a failure of consideration, was held bad on demurrer;

May Term,.
1860.

but the record shows that an issue of fact was subsequently taken upon it, whereby the demurrer was waived. Besides, an amended answer, upon which the cause was tried, also, was subsequently filed. Further, the fact, if it existed, that the charter of the company had been annulled, after the note sued on had been legally assigned, would not deprive the plaintiff of a right already vested by a legal assignment of the note, when the company was possessed of the power to make such assignment.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*J. E. McDonald* and *A. L. Roache*, for the appellant.

*J. N. Sims*, for the appellee.

